IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CALVIN JACKSON WIDEMON, | § | |
| | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0151 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
|    Respondent.[1] | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS
AS TIME BARRED UNDER 28 U.S.C. § 2244(d)**

Came this day for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed with this Court by petitioner CALVIN JACKSON WIDEMON on June 15, 2006.[2] By his habeas application, petitioner appears to be challenging his April 20, 2004 state court conviction for the felony offense of injury to a child out of the 76th Judicial District Court of Camp County, Texas.

For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus should be DISMISSED as time barred.

---

[1] On June 1, 2006 Nathaniel Quarterman succeeded Doug Dretke as the Director of the Texas Department of Criminal Justice, Correctional Institutuina Division.

[2] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

I.
PROCEDURAL HISTORY

According to petitioner, he pleaded guilty to the offense of injury to a child in Cause No. CF-03-7465-A. The trial court accepted petitioner's guilty plea and assessed petitioner's punishment at eight (8) years confinement. No direct appeal of petitioner's conviction was taken.

Petitioner asserts he filed a state application for a writ of habeas corpus on October 28, 2005.[3] A review of the docket for the Texas Court of Criminal Appeals shows the writ to be received by that court on January 10, 2006. *Ex parte Widemon*, App. No. 08,171-02. On March 15, 2006, the Texas Court of Criminal Appeals denied such application without written order. On June 15, 2006, petitioner filed the instant federal habeas application challenging his conviction and sentence.

II.
PETITIONER'S ALLEGATIONS

Petitioner alleges his conviction was in violation of the Constitution and/or laws of the United States for the following reasons:

1. Petitioner was deprived of his right to due process because the grand jury awarded the case to itself for a regular trial when they lacked jurisdiction;

2. Petitioner was deprived of his right to due process because the State failed to amend the indictment as he had been told it would;

3. Petitioner was coerced into his plea of guilty and the plea agreement was illegal;

4. Petitioner was denied effective assistance of counsel;

5. Petitioner was told he could not appeal because he accepted the plea bargain; and

---

[3] In his federal application petitioner asserts he filed his state writ application on November 28, 2005. Petitioner directs the Court to Exhibit #12, a copy of such state application. The file stamp on the application is October 28, 2005.

6.     The public officials abused their authority in petitioner's case.

## III.
## AEDPA LIMITATIONS PERIOD

Before the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 [hereinafter AEDPA], a prisoner faced no strict time constraints in filing a petition for a writ of habeas corpus. The AEDPA, however, amended 28 U.S.C. § 2244 to establish a one-year limitation period for filing a habeas petition in federal court. That section provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. § 2244(d) also provides for tolling of the statute of limitations (1) if the claims presented in the petition for writ of habeas corpus, for some reason, could not have been presented earlier because of some impediment to filing created by state action, (2) if the

constitutional right asserted was initially recognized by the Supreme Court is on a date subsequent to the date the conviction became final, or (3) if the date on which the petitioner discovers the factual predicate of the claim or claims presented, or by the exercise of due diligence should have discovered them, is subsequent to the date the conviction became final. In instances such as these, the limitation period would begin on the applicable post-conviction date. The new time limitations imposed by section 2244 apply to the instant habeas application because it was filed after the effective date of the statute, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

As stated *supra*, petitioner was convicted on April 20, 2004 and had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of his conviction and sentence. *See* Tex. R. App. P. 26.2(a)(1). Petitioner, however, failed to do so.[4] Therefore, petitioner's conviction became final upon the expiration of the time period in which to file his Notice of Appeal, or May 20, 2004. As such, the instant federal application was due on or before May 19, 2005. Since petitioner failed to file his state habeas application until October 28, 2005, he is not entitled to any of the statutory tolling provisions. Petitioner's instant application is therefore untimely and should be dismissed.

## IV.
## RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner CALVIN JACKSON WIDEMON be DISMISSED as time barred.

---

[4] Petitioner has asserted he waived his right of appeal because of the plea bargain.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of June 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).